**Entered on Docket**
**August 28, 2017**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA




**Signed and Filed: August 28, 2017**

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>YEVGENY SHVARTSMAN and<br>NATALIA SHVARTSMAN,<br><br>Debtors. | Bankruptcy Case<br>No. 16-30652-DM<br><br>Chapter 7 |

**MEMORANDUM DECISION ON MOTION FOR VIOLATION OF DISCHARGE INJUNCTION**

I. INTRODUCTION

Before the court is the motion of Yevgeny Shvartsman and Natalia Shvartsman ("Debtors") against the Internal Revenue Service ("IRS") for violation of the discharge injunction of section 524(a)(2)[1]. Whether that section is applicable is questionable, because the Debtors' property that is the subject of this dispute remains property of the estate, suggesting that the automatic stay of section 362(a) applies. For the reasons that follow, the IRS did violate the automatic stay, but Debtors' damages are limited to reasonable attorneys fees in prosecuting the present motion.

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

## II. DISCUSSION[2]

In 2015 the IRS recorded tax liens in San Francisco for amounts owed by Debtors from 2008, 2009 and 2010. They own their residence in San Francisco, so the liens attached.

Debtors filed chapter 7 on June 13, 2016, and the case was reported as a no-asset case. Creditors were told not to file claims. Debtors received their discharge on November 4, 2016. Because of the no-asset status of the case plus the grant of the discharge, IRS mistakenly released its liens on December 9, 2016.

The case trustee reported a notice of possible dividend on January 23, 2017, and creditors were given a deadline to file proofs of unsecured claims. IRS did not file a proof of claim.

On March 1 or 2, 2017, Debtors' counsel advised the Chief, Tax Division (for IRS) in San Francisco that rerecording the tax liens would violate the discharge order.[3] Despite that warning, on April 18, 2017, IRS recorded new tax liens for 2008, 2009 and 2010, replacing the recorded and then released liens. Later, after this present motion was filed, IRS, through its Insolvency Group Manager, admitted that the April 18 recording was error (See Dkt. No. 46-1, 2:10-11).

Unfortunately IRS neither rescinded the newly recorded liens nor sought an order from the court annulling the stay to permit

---

[2] The relevant facts are not in dispute, so no specific findings resolving contested material facts are necessary.

[3] Whether doing so would violate the discharge injunction of section 524 or the automatic stay of section 362(a), or both, is not significant.



Case: 16-30652 Doc# 53 Filed: 08/28/17 Entered: 08/28/17 15:41:56 Page 2 of 5

the recording of the three liens.[4] Since the release of them in December, 2016, was clearly an error by confusing the discharge and no-asset status of the case with the obvious perfected liens, it is hard to imagine how the Debtors could have defended such a request or that the court would have denied it. The release of the liens was a fortuitous windfall to which neither Debtors nor the case trustee were entitled.

Debtors brought the present motion, styled as an adversary proceeding but without a separate number or payment of a filing fee. The motion procedure is proper for Rule 9020 contempt motions. *Barrientos v. Wells Fargo Bank* (*In re Barrientos*), (9th Cir. 2011), 633 F. 3d 1186. The court finds the IRS's opposition unpersuasive[5] except to the extent that it contends that Debtors have shown no damages from the stay violation other than their attorneys fees. Its argument that it did not knowingly violate the stay, while perhaps plausible when it misunderstood the no asset and discharge development, is undermined by the specific warning Debtors' counsel gave in March, before the liens were recorded again. Thus the violation was wilful.

That said, had IRS thought to seek relief from stay to correct its error, it would have incurred nominal fees and maybe Debtors would have done nothing. Because IRS's refusal to take

---

[4] On May 27, 2017, IRS revoked the 2016 release of liens, apparently attempting after the fact to comply with Internal Revenue Code provisions that are not relevant to the stay violation question before the court.

[5] Particularly unpersuasive are its arguments that Debtors needed to comply with IRS's administrative procedures to vindicate their rights affected by IRS's violation of the bankruptcy code.

heed, Debtors were justified in bringing the motion. They are entitled to reasonable fees, but certainly not the $5,000 prayed for in their papers. And to put the matter to rest, upon payment of those fees, the court will enter an order annulling the automatic stay to permit the April 18, 2017, liens to remain of record and valid.

III. DISPOSITION

Counsel for IRS and Debtors are directed to meet and confer and make a good faith effort on the amount of fees to be paid Debtors' counsel. If they agree, then they should submit an agreed form of order resolving the present motion in accordance with this memorandum decision, fixing the amount of fees and that they have been paid, and annulling the stay as necessary. If they are unable to agree, counsel for Debtors should prepare, serve and upload an order consistent with and for the reasons stated in this memorandum decision. Upon entry of that order counsel will have fourteen days to file, set and serve a motion for an award of reasonable attorneys fees.

**** END OF MEMORANDUM DECISION ****

**Court Service List**

**PLEASE SERVE ALL CREDITORS**

Yevgeny Shvartsman
208 N. Lake Merced Hills, Apt 2D
San Francisco, CA 94132

Natalia Shvartsman
208 N. Lake Merced Hills, Apt 2D
San Francisco, CA 94132

Robert L. Goldstein
Law Offices of Robert L. Goldstein
100 Bush St. #501
San Francisco, CA 94104

Thomas Moore
Office of the U.S. Attorney
450 Golden Gate Ave. 10th Fl.
Box 36055
San Francisco, CA 94102

Sandi Meneely Colabianchi
Law Offices of Gordon and Rees
275 Battery St. #2000
San Francisco, CA 94111